WAKELEE *v.* DAVIS.

*(Circuit Court, S. D. New York.   January 21, 1889.)*

EQUITY—JURISDICTION—ADEQUATE REMEDY AT LAW.
  On an application for a discharge in bankruptcy, the specifications of the opposing creditor were dismissed upon the contention of the bankrupt's attorney that the creditor's debt had been reduced to judgment after the petition was filed, and that it could not be affected by the discharge, and the discharge was granted.   *Held,* that a complaint in an action on the judgment, which sought only a money judgment, and such other relief as to the court might seem fit, did not state a cause of action cognizable in equity, though it alleged that defendant was estopped to plead the discharge; there being no averment that defendant had taken or threatened to take any proceeding prejudicial to complainant's rights, or that the bill was filed in aid of another action.

In Equity.   On demurrer to bill.

This action, commenced upon the equity side of the court, is based upon a judgment recovered in 1873, in a state court of California.   The only specific relief demanded is for a money judgment.   Briefly, these are the facts: In August and September, 1869, the defendant, Erwin Davis, made six promissory notes, aggregating $15,720, and delivered them, for value, to Henry P. Wakelee.   On the 30th of September, 1869, Davis was adjudicated a bankrupt, on his own petition, and Wakelee proved the notes against the estate.   On the 28th of June, 1873,

Wakelee petitioned for leave to sue Davis upon the notes. The petition was granted, and on the 18th of November, 1873, upon service by publication, judgment was entered against Davis for $22,760. This judgment is now owned by the complainant, and is the judgment sued on. In December, 1875, Davis applied for his discharge, and Wakelee filed specifications in opposition, charging Davis with various frauds under the bankrupt act. In March, 1876, Davis moved the court for an order dismissing these specifications, on the ground that Wakelee, since proving his debt, had obtained a judgment thereon by leave of the court, which judgment merged the debt, and was still valid and in force, and, having been obtained since the adjudication, would not be affected by the discharge. The motion was granted, and Wakelee's proof of debt was canceled and his specifications were dismissed. Wakelee's opposition being removed, Davis obtained his discharge. Wakelee accepted the order dismissing the specifications, and did not appeal therefrom because of the statements made on behalf of Davis that the judgment was a valid one, and would not be affected by a discharge in bankruptcy. The bill alleges that by reason of these proceedings "the validity and binding force of said judgment of November 18, 1873, was affirmed, and said Davis was thereby forever estopped from denying the same; notwithstanding his discharge in bankruptcy, then petitioned for, and subsequently obtained." Prior to the commencement of this suit, the judgment was duly assigned to the complainant, no part thereof having been paid. There is no averment that the defendant has taken or threatens to take any proceeding prejudicial to the complainant's rights, or that the bill is filed in the aid of another action. The relief demanded is— *First,* that the defendant pay the amount of the judgment, namely, $22,809, with interest, and the costs of this action; *second,* for such other and further relief as to the court shall seem meet. The defendant demurs on the ground that the bill does not state a cause of action in equity. In her brief the complainant requests, in case the demurrer is sustained, that she may be allowed to amend.

*Anson Maltby,* for complainant.

*Henry A. Root* and *Thaddeus D. Kenneson, (Joseph H. Choate,* of counsel,) for defendant.

COXE, J., (*after stating the facts as above.*) To the opinion expressed at the argument but little need be added, as I am unable to see, after reading the elaborate briefs presented, that the *status* of the cause is materially altered. It will be seen that the action is upon a judgment, pure and simple,—a judgment obtained upon promissory notes in a common-law court of California. No injunction or accounting or discovery is asked. The complainant does not seek a specific performance, or to set aside the discharge, or any of the proceedings in bankruptcy, upon the ground of fraud, accident or mistake. None of the elements of equitable cognizance are here present. The demand is precisely what it would be were the action at law, namely, for $22,809, with interest and costs. Assuming that no defense is interposed, and that *a decree* could be entered in

such an action, it would be for this sum only, and execution would issue immediately to collect it.

It appears from the bill that the defendant has obtained a discharge in bankruptcy; and at one time, and while the petition for the discharge was pending, his counsel in open court, took the position that the judgment "still stood of record and was of full force," and therefore that Wakelee was not in a position to oppose the discharge. Although the counsel for Wakelee, apparently, contended for the contrary of this proposition, its soundness so impressed itself upon the court that Wakelee's proof of debt was canceled, and his specifications in opposition to the discharge were dismissed. It would seem, although she does not say so in the bill, that the complainant is apprehensive lest the mind of the defendant may have undergone a change upon this subject. It is quite evident that she believes that he intends to attack the judgment because the summons was not personally served, and that he expects to rely on his discharge as a defense. She seeks, therefore, to anticipate these objections by alleging that the defendant is estopped from raising them because of the proceedings in the bankruptcy court. An action upon an outlawed promissory note is not an equitable action, because the defendant has promised not to plead the statute of limitations. An action upon a common-law judgment is not a chancery action, because the defendant is not in a position to attack it or plead a discharge in bankrupty as a defense. It is generally the cause of action, and not the defense, which determines the character of the suit; and it is not easy to see why the situation is altered by allegations ancillary to and in aid of the principal cause of action. It is unnecessary now to decide whether the occurrences in the bankruptcy court do or do not amount to an estoppel, for the reason that, even if they do, the bill does not state a cause of action in equity. For aught that appears, the defendant may now entertain the same view of the law that his counsel successfully maintained in 1876. He may still think that the judgment is of binding force. Since then he has made no sign. No suit at law has been commenced against him. He has instituted no attack on the complainant's judgment. He has interposed no defense; he has not even threatened so to do. He may not attack the judgment or rely upon his discharge. He may plead payment, want of title, or other defenses. He may not answer at all. I am unable to discover any theory upon which the complainant can invoke the aid of a court of equity upon the bill in its present form. The action is an action at law. It is no more a chancery suit than it was in California. Its character is not changed by anything alleged in the bill. The demurrer is allowed. The complainant, if she is so advised, may amend within 20 days.